UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DONALD R. POWERS,                              )<br>Institutional ID No. 130453480,              )<br>                                                                )<br>                                                                )<br>                        Plaintiff,               )<br>                                                                )<br>v.                                                            )<br>                                                                )<br>RICHARD B. WILLS,                             )<br>Sheriff Bailey County, *et al.,*             )<br>                                                                )<br>                        Defendants.         )   | CIVIL ACTION NO.<br>5:08-CV-146-BG |

**REPORT AND RECOMMENDATION**

**I.     Procedural History**

*Pro se* Plaintiff Donald R. Powers filed this civil rights action on July 21, 2008, on a form which advised him that it was his responsibility to inform the court of any change in his address and admonishing him that failure to do so could result in dismissal of his complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  On the same date on which Powers filed his complaint, the District Clerk mailed instructions regarding *pro se* filings to him.  Among the instructions is an advisement that a *pro se* plaintiff is to keep the court informed of his mailing address by filing a written notice of any change in address and an admonishment that failure to do so could result in dismissal of the plaintiff's case.

The United States District Court reassigned Plaintiff's case to the undersigned United States Magistrate Judge on August 18, 2008.  On the same date Powers was again instructed by the District Court in its "PLRA Filing Fee Order" that he was required to file written notice of any change in his address: the District Court instructed Powers that he was required to promptly notify the court of any change in his address and again admonished him that failure to do so could result in his case

being dismissed for want of prosecution. After the undersigned entered an order on October 14, 2008, requiring the Defendants to answer, a subsequent order, entered on May 22, 2009, was returned as undeliverable to Plaintiff at his last known address at the Metropolitan Detention Center in Albuquerque, New Mexico. Officials at the Metropolitan Detention Center informed the court that Plaintiff had been released from incarceration on May 20, 2009. From that date up to and including August 12, 2009, Plaintiff did not notify the court of a change in address; the undersigned therefore entered an Order of Transfer and Report and Recommendation recommending that the District Court dismiss Powers' complaint for want of prosecution. The undersigned alternatively recommended that the District Court grant the Defendants' motion to dismiss which was filed on July 10, 2009, and dismiss Powers' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The Order of Transfer and the Report and Recommendation were mailed to Powers, but the envelope with the Order of Transfer and Report and Recommendation was returned to the court on September 14, 2009, as undeliverable and with "Not In Custody" stamped on the envelope.

Over two months later, on October 30, 2009, Powers notified the court by letter that he "had been at a different address." Powers apparently was back in the prison; the return address on his envelope was the address of the Metropolitan Detention Center, which was the same address Powers originally provided to the court. Thereafter, on January 4, 2010, the District Court ordered the Clerk to mail to Powers a copy of a motion to dismiss that Defendants had filed on July 10, 2009, along with the Report and Recommendation and the Order of Transfer that were returned to the court during the time Powers was at a different address.

On February 17, 2010, the District Court denied Defendant's motion to dismiss, declined to accept the Report and Recommendation, and transferred the case back to this court. Five days later, on February 22, 2010, the orders the District Court directed the Clerk to send to Powers in January 2010 were returned as undeliverable and with "Not In Custody" stamped on the envelope. On March 10, 2010, the order the District Court entered on February 17, 2010, in which it declined to accept this court's recommendation that Powers' case be dismissed for want of prosecution, was returned as undeliverable and with "Not In Custody" and "Released on 2/17/10" written on the envelope. Pursuant to the District Court's order of February 17, 2010, the undersigned entered an "Order to Complete Questionnaire" on April 2, 2010, and the same sequence of events was repeated – the order was returned to the court as undeliverable and with "Not In Custody" stamped on the envelope.

Because Defendants have not consented to the jurisdiction of the Magistrate Judge, the court now files this Report and Recommendation.

**II.     Recommendation**

The Magistrate Judge recommends that the District Court dismiss Plaintiff's complaint for want of prosecution. Powers failed to comply with the court's orders to notify the court of changes in his address in 2009. After being given a second chance to prosecute his claim, Powers has again failed to comply with the orders to notify the court of changes in his address. Since the date on which the District Court revived this case, three mailings to Powers have been returned with notations that he is no longer incarcerated at the Metropolitan Detention Center in Albuquerque, New Mexico, his last known address.

District courts have inherent authority under Rule 41(b) to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33; 82 S.Ct. 1386; 8 L.Ed.2d 734

(1962); *Cofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). The authority to *sua sponte* dismiss an action for failure to prosecute is vested in courts for the purpose of "manag[ing] their own affairs so as to achieve the orderly and expeditious disposition of cases." *Wabash R.R. Co.*, 370 U.S. at 630-31. Dismissal for want of prosecution may be necessary "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. This District Court has utilized the inherent power to dismiss prisoner *pro se* cases for want of prosecution on grounds that the prisoner failed to provide the court with notice of change of address. *See, e.g., Coleman v. Hale County Jail*, No. Civ. A. 5:03-CV-310-C, 2004 WL 530440 (N.D. Tex. Mar. 17, 2004); *Dean v. Jones*, (No. Civ.A. 5:03-CV-101-C, 2003 WL 21653407 (N.D. Tex. July 14, 2003). The Magistrate Judge recommends that the District Court do the same with this case.

Dismissal pursuant to Rule 41(b) for failure to prosecute operates as a dismissal with prejudice and therefore an adjudication on the merits unless the dismissal order specifies otherwise. Fed. R. Civ. P. 41(b). Dismissal with prejudice under Rule 41(b) is proper and will be affirmed by the Fifth Circuit Court of Appeals when there is a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interest of justice. *Dorsey v. Scott Wetzel Servs., Inc.*, 84 F.3d 170, 171 (5th Cir. 1996). There is clear record of delay in this case and, because Powers has not provided the court with an address at which he might be reached, the court cannot impose lesser sanctions. The undersigned therefore recommends that if the District Court dismisses this action, such dismissal should be treated as a dismissal with prejudice.[1]

---

[1] Whether this action were to be dismissed with or without prejudice is immaterial because dismissal without prejudice of Powers' action would be tantamount to a dismissal with prejudice; Powers would be time-barred from bringing his claims in a subsequent action because the events he complains of occurred between September 2007 and January 2008.

### III.  Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:     May 14, 2010.

*/s/ Nancy M. Koenig*
NANCY M. KOENIG
United States Magistrate Judge

5